# PHILADELPHIA BREWING CO. v. UNITED STATES.

## No. 43429.

Court of Claims.
May 29, 1939.

Supplemental Opinion June 19, 1939.

Theodore B. Benson, of Washington, D. C. (Charles E. Foster, Jr., of Washington, D. C., on the brief), for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

By section 215 [1] (a), (d), and (f), of the such tax is imposed * * *. Such return shall contain such information and be made in such manner as the Commissioner with the approval of the Secretary may by regulations prescribe. * * * The Commissioner may extend the time for making the returns and paying the taxes imposed by this section, under such rules and regulations as he may prescribe with the approval of the Secretary, but no such extension shall be for more than sixty days.

* * * * * * *

---

[1] "(a) For each year ending June 30 there is hereby imposed upon every domestic corporation with respect to carrying on or doing business for any part of such year an excise tax of $1 for each $1,000 of the adjusted declared value of its capital stock.

* * * * * * *

"(d) Every corporation liable for tax under this section shall make a return under oath within one month after the close of the year with respect to which

National Industrial Recovery Act, 48 Stat. 195, 207, 208, a capital stock tax was imposed on the adjusted declared value of the capital stock of domestic corporations. In section 216[2] (a) an excess-profits tax was imposed for each income-tax year subsequent to June 30, 1933. Regulations 64 (1933 Edition) were promulgated by the Treasury Department for the administration of the capital stock and excess profits tax act, and Art. 24 thereof provided as follows:

"*Adjusted declared value.*—Pursuant to the foregoing provisions of the Act each domestic corporation is required to declare a value for its entire capital stock as of the close of the last income-tax taxable year ending on or prior to June 30, 1933, or as of the date of organization in the case of a corporation having no income-tax taxable year ending on or prior to that date. This value once having been declared may not subsequently be changed either by the corporation or by the Commissioner.

"It should be borne in mind that the original declared value will not only be used as the basis of payment of the capital stock tax for the first taxable year ended June 30, 1933, but that it will also be a primary factor in the computation of capital stock taxes for later years and the excess-profits tax imposed by section 216 of the Act."

Art. 55 of these regulations as originally promulgated provided as to the time for making the return that "It shall be the duty of every corporation to make a return for each taxable year during the month of July next following the end of such year, or later in case the time for filing is officially extended by the Commissioner under these regulations." Subsequently the time for filing the capital stock tax return for the fiscal year ending June 30, 1933, for which year domestic corporations were required by statute to make a declaration of the value of their capital stock, was officially extended by the Commissioner to September 29, 1933.

Sections 215 and 216, above-mentioned, levied new taxes. A capital stock tax was imposed for the fiscal year ending June 30, 1933, and for each year thereafter, and an excess-profits tax was levied for each income tax year ending after the close of the first capital stock tax year. The capital stock tax for the first year was imposed upon the value of the capital stock declared by the taxpayer and referred to in the statute as the adjusted declared value. For subsequent years the tax was imposed on the basis of the declared value with the authorized statutory adjustments. The excess-profits tax was imposed and measured by the "adjusted declared value" declared by the corporation for the first taxable year, that is, the declared value as of the close of the corporation's last taxable year ending on or before June 30, 1934. The capital stock tax was imposed for each year ending June 30 and the excess-profits tax for each income taxable year. Congress expressly declared its intent that the original declared value in the capital stock tax return for the first taxable year under the

"(f) For the first year ending June 30 in respect of which a tax is imposed by this section upon any corporation, the adjusted declared value shall be the value, as declared by the corporation in its first return under this section (which declaration of value cannot be amended), as of the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section * * *. For any subsequent year ending June 30, the adjusted declared value in the case of a domestic corporation shall be the original declared value plus (1) the cash and fair market value of property paid in for stock or shares, (2) paid-in surplus and contributions to capital, and (3) earnings and profits, and minus (A) the value of property distributed in liquidation to shareholders, (B) distributions of earnings and profits, and (C) deficits, whether operat-

ing or nonoperating; each adjustment being made for the period from the date as of which the original declared value was declared to the close of its last income-tax taxable year ending at or prior to the close of the year for which the tax is imposed by this section."

2 "(a) There is hereby imposed upon the net income of every corporation, for each income-tax taxable year ending after the close of the first year in respect of which it is taxable under section 215, an excess-profits tax equivalent to 5 per centum of such portion of its net income for such income-tax taxable year as is in excess of 12½ per centum of the adjusted declared value of its capital stock * * * as of the close of the preceding income-tax taxable year * * * determined as provided in section 215." 48 Stat. 208.

statute should be used in determining the capital tax for subsequent years and that the adjusted declared value as of the close of the preceding income tax year should be used in determining the excess profits for each year. The amount of $12,420.13 sued for represents the alleged overpayment of $13,705.09 excess-profits tax, and $564.03 income tax, and interest of $150.01 paid for the calendar year 1933 less $1,999, capital stock tax admitted to be due and tendered by plaintiff for the first taxable year ending June 30, 1933.

■ In the case at bar, the plaintiff, before it had made a complete investigation for the purpose of determining the value of its capital stock, prepared and filed a capital stock tax return on August 4, 1933, in which it stated the value of its capital stock in the amount of $1,500,000. This return was prepared by plaintiff's president, who arrived at the amount of this value on the basis of the estimated earnings of the corporation, but at the time he did not have before him an accurate audit and statement of the earnings of the corporation; a complete audit of the books and records of the corporation by a qualified accountant had not at that time been made. Plaintiff's president did not at that time have full knowledge of the actual facts. Shortly afterward, and still within the time allowed by statute and the Commissioner's regulations authorized and made pursuant thereto within which the plaintiff could file its capital stock tax return for the year ending June 30, 1933, and make the declaration of value of the capital stock as required by the statute, the plaintiff after a complete audit of its books and on the basis of the earnings for the full year which it capitalized, determined and declared to the Commissioner in a corrected capital stock tax return, in lieu of and as a substitute for the return theretofore submitted on August 4, 1933, a declared value of its capital stock of $3,499,999 to be used as the declared value in its return for the first year and subsequent years for the purpose of the capital stock and excess-profits tax. This declared value, which was set forth in a corrected capital stock tax return, was made and the corrected return was filed with the collector September 23, 1933, before the expiration of time allowed by the statute and the regulations for filing the 1933 return and for declaring the value of capital stock for its first taxable year for the purpose of

the capital stock and excess-profits tax imposed by sections 215 and 216. The time within which to make its declaration of value of its capital stock did not expire until September 29, 1933, and we think, in the circumstances, the proper interpretation of the statute, in the light of the facts and the reports of the Congressional committees[3] is that plaintiff could, before the expiration of the time for filing its capital stock tax return, proceed to file with the Commissioner its final and corrected declaration of value of its capital stock in a corrected capital stock tax return, even though the corporation had filed a capital stock tax return in which a different value had been declared.

■ With respect to the first taxable year in which the statute required the corporation to make a declaration of the value of its capital stock, we think it is clear that the statute intended that a taxpayer should have the right until the expiration of the time for filing its capital-stock tax return for that year to make its declaration of the value of its capital stock which was to be thereafter binding and used as a basis for the determination of the excess-profits tax in its first and subsequent income-tax years ending after the close of the first capital-stock tax year. From this the reference in subdivision (f) of section 215 of the National Industrial Recovery Act with respect to "the value, as declared by the corporation in its first return under this section," should be interpreted to mean the value of the capital stock as finally declared by the corporation for its capital-stock taxable year within the time allowed by statute and the regulations for making its capital-stock tax return for such year. This interpretation conforms to the declared purpose of the Act.

■ In the Conference Report on Section 701 of the Revenue Act of 1934, 26 U.S.C.A. § 1358, which carried forward the provisions of section 215 of the National Industrial Recovery Act (Congressional Record, Vol. 78, Part 7, p. 7827), it was said by the managers on behalf of the House of Representatives that "For the first year the tax is measured by the value of the capital stock as declared by the corporation as of the close of its last taxable year ending on or before June 30, 1934. The value of the capital stock having been declared for the first year, such value may not be subsequently amended." Inasmuch

---

[3] Senate Committee Report No. 114, 73rd Con., 1st Sess. Conference Report No. 13185.

as the primary purpose of the statute was to require the taxpayer to make a declaration of the value of its capital stock at the close of its last capital-stock tax year ending on or before June 30, 1934, and to be subsequently bound thereby in subsequent capital-stock tax years and each income-tax year ending after the close of the first taxable capital-stock year, no reasonable rule of interpretation requires the conclusion that the corporation may not, within the time allowed for filing a capital-stock tax return for the first year, declare the value of its stock upon which it intends to stand and be bound in subsequent years in a timely corrected or amended return disclosing a declared value different from the value previously stated in a capital-stock tax return filed for such year. Glenn v. Oertel Company, 6 Cir., 97 F.2d 495. The statute was not dealing specifically with returns as such, but with value and taxable years.

Plaintiff is entitled to recover and judgment in its favor for $12,420.13 will be entered. It is so ordered.

### Supplemental Opinion.

PER CURIAM.

This case comes before the court on stipulation of the parties filed June 16, 1939, in which it is stated that they "stipulate and agree that judgment should be entered for the net amount of $10,994.69 instead of $12,420.13 as ordered by the court", and "that interest on the net amount of $10,-994.69 should be computed on the following amounts from the following dates: $1,223.51 from January 4, 1936; $4,057.07 from December 18, 1934; $4,057.07 from September 18, 1934; $1,657.04 from June 15, 1934." Therefore, on consideration thereof it is ordered this 19th day of June, 1939, that the judgment entered in this case May 29, 1939, be and the same is vacated and withdrawn, and a new judgment in favor of the plaintiff be this day entered in the sum of ten thousand, nine hundred ninety-four dollars and sixty-nine cents ($10,994.69) with interest on $1,223.-51 from January 4, 1936, on $4,057.07 from December 18, 1934, on $4,057.07 from September 18, 1934, and on $1,657.04 from June 15, 1934, to such date as the Commissioner of Internal Revenue may determine in accordance with the provisions of section 177(b) of the Judicial Code, being a part of the Revenue Act of 1928, 28 U.S.C.A. § 284(b).